# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                     Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

**BY ECF**

Hon. Debra C. Freeman
Magistrate Judge
United States District Court
500 Pearl St.
New York, NY, 10007

> **Re:**    Segundo Luis Romero v. Dominick Doria & Son Wholesale Produce Inc., et al.
> **Case No. 18-cv-8508**

Dear Judge Freeman:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions with an experienced mediator.  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

Plaintiff alleges he would be entitled to back wages of approximately $50,319.07 as his best case scenario. However, Defendants are of the position that Plaintiff is exempt from FLSA

overtime under the motor carrier exemption. Further, Defendants argue that if Plaintiff is not exempt, he did not work as many hours as alleged. Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle this action for the total sum of $65,000.  A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Defendants contend there is no FLSA jurisdiction because of the motor carrier exemption. Additionally, Defendants contend that Plaintiff worked less hours than alleged.  Therefore, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on all of his claims,

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $21,666.66 (one-third of the $65,000 settlement) from the settlement as attorneys' fees and costs of $565 which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees).

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $6,630 in attorneys' fees and $565 in costs[1], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

     i.    Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

     ii.    Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[2]

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-

---

[1] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."
[2] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy


Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEGUNDO LUIS ROMERO, *individually and on behalf of others similarly situated,*<br><br>        *Plaintiffs,*<br><br>   -against-<br>DOMINICK DORIA & SON WHOLESALE PRODUCE INC. (d/b/a DOM DORIA & SON PRODUCE), CHARLES DORIA, and JOSE LUIS GANZHI<br><br>        *Defendants.* | 18-cv-8508<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br><u>**RELEASE OF CLAIMS**</u> |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff Segundo Luis Romero ("Plaintiff") on the one hand, and Dominick Doria & Son Wholesale Produce Inc. (d/b/a Dom Doria & Son Produce) (the "Defendant Corporation"), Charles Doria, and Jose Luis Ganzhi (the "Individual Defendants," and, together with the Defendant Corporation, the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-8508 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixty-Five Thousand Dollars and Zero Cents ($65,000) (the "Negotiated Settlement Amount") to be paid to Plaintiff's attorney as follows:

1

A certified check in the amount of Sixty-Five Thousand Dollars and Zero Cents ($65,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiff," for immediate deposit within thirty (30) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiff's counsel, delivered to Defendants' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

The payment set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

3.  <u>Taxes</u>. Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement.

4.  <u>Failure to Pay</u>: In the event that the Negotiated Settlement Amount is not paid by the payment date set forth above, Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately reinstate the Litigation and this Settlement Agreement shall be null and void.

5.  <u>Releases</u>

(a)  **Release by Plaintiff.** Plaintiff is no longer an employee of the Defendants. Plaintiff knowingly and voluntarily releases and forever discharges Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, officers, directors and agents of and from any and all claims, actions, causes of action, demands, costs and expenses for damages and claims, known and unknown, accrued or unaccrued which Plaintiff, his heirs, executors, administrators, successors and assigns have had or may have against Defendants for any reason whatsover, including, but not limited to, any claim or any alleged violation of: Any federal, state or local human rights, civil rights, wage and hour, employment or labor law, regulation or ordinance, any federal, state or local unlawful discrimination, harassment, retaliation and wrongful termination law, regulation or ordinance; The National Labor Relations Act, as amended; Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Equal Pay Act; The Employee Retirement Income Security Act of 1974, as amended; The Immigration Reform Control Act, as amended; The Americans with Disabilities Act of 1990, as amended; The Vocational Rehabilitation Act of 1973; as amended; The Age Discrimination in Employment Act of 1967, as amended; The Fair Labor Standards Act, as amended; The Older Workers Benefits Protection Act, as amended; The Occupational Safety and Health Act, as amended; The Federal Family Medical Leave Act; as amended; The Consolidated Budget Reconciliation Act; as amended; The Fair Credit Reporting Act; The Sarbanes Oxley Act;  Any breach of contract or breach of fiduciary duty or fraud; Any express or implied employment or other agreement with Defendants; Any claims for loss of income, loss of benefits, compensatory damages, punitive damages or liquidated damages and any claim for costs, fees, or other expenses, including attorneys' fees.  Nothing herein contained shall constitute a release by Plaintiff of any claims as to which the law prohibits a release.

2

(b)    **Release by Defendants.**   Similarly, the Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, and current and former employees, officers, directors and agents knowingly and voluntarily release and forever discharge Plaintiff, his heirs, executors, administrators, successors and assigns of and from any and all claims, actions, causes of action, demands, costs and expenses for damages and claims, known and unknown, accrued or unaccrued which Defendants have had or may have against the Plaintiff for any reason whatsoever, including but not limited to any claims for breach of contract or breach of fiduciary duty or fraud; Any express or implied employment or other agreement with Plaintiff.  Nothing herein contained shall constitute a release by Defendants of any claims as to which the law prohibits a release.

5.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7.    <u>Acknowledgment</u>:    Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8.    <u>Notices</u>:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel:    (212) 317-1200
Fax:    (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

D. Mara Lowenstein, Esq.
1460 Broadway
New York, NY 10036
Tel:    (646) 863-3533
Fax:    (212) 208-4457
Email: mara@dmaralowenstein.com

3

Email: mara@dmaralowenstein.com

9.    Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11.    Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12.    Dismissal of the Lawsuit: Counsel for the Parties shall sign a Stipulation and Order of Dismissal with Prejudice (the "Dismissal Order") in the form attached to this Agreement as Exhibit B. The Dismissal Order shall be filed in the Court within ten (10) days of Court approval of the Agreement and a copy of the Dismissal Order signed by Defendants' Counsel. However, the Parties agree that the Court shall retain jurisdiction over the Litigation until Defendants have fully paid the Negotiated Settlement Payment set forth.

13.    Accord and Satisfaction: Should any action or proceeding be instituted by the Plaintiff with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

14.    No Assignment: Plaintiff represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

15.    Entire Agreement: This Agreement and all attachments constitute the entire Agreement between the Parties.  All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.   There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

4

16.   <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

17.   <u>Modification</u>: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

18.   <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

19.   <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties.  Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20.   <u>Attorneys' Fees and Costs</u>:  Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation.  However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

21.   <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that all of the Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

22.   <u>Employment Status</u>: Plaintiff acknowledge that their employment with Defendants has ended, that upon receipt of the Negotiated Settlement Amount, Plaintiff has been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, vacation or sick pay, accrued benefit, bonus or commission, and/or distributions to or from any 401K plan.  Plaintiff further voluntarily and unequivocally acknowledges and agrees that by entering into this Agreement, they voluntarily and knowingly waive any and all rights to re-employment with Defendants.

23.   <u>Mutual Non-Disparagement</u>:  The Parties hereto agree not to disparage each other.  Nothing herein shall prevent the Plaintiff from speaking truthfully about this case.

24.   <u>Free and Voluntary Execution</u>: Los Demandantes representan que su idioma materno es el español y que sus abogados de Michael A. Faillace & Associates, P.C. han repasado todos los términos de este Acuerdo con él en español.  Los Demandantes han entendido todos los términos de este Acuerdo, y los aceptan voluntariamente al firmar el Acuerdo.  (Plaintiff represents that his primary language is Spanish and that Plaintiff's counsel, Michael A. Faillace & Associates, P.C., has reviewed all terms of this Agreement with him in Spanish.  Plaintiff has fully understood all terms of this Agreement and voluntarily accepts them by signing below.)

25.   <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which

appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

Plaintiff:

By: _____     2/1/19
SECUNDO LUIS ROMERO              Date

Defendants:

DOMINICK DORIA & SON WHOLESALE PRODUCE INC. (d/b/a DOM DORIA & SON PRODUCE)

By: _____     _____
                                Date
Print Name _____

Title_____


_____         _____
     CHARLES DORIA                   Date


_____         _____
     JOSE LUIS GANZHI                 Date

6

appear below.   This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.   This agreement may also be executed by facsimile transmission.

<u>Plaintiff:</u>

By: _____     _____
    SEGUNDO LUIS ROMERO                    Date

<u>Defendants:</u>

DOMINICK DORIA & SON WHOLESALE PRODUCE INC. (d/b/a DOM DORIA & SON PRODUCE)

By: _____     2-2-2019
Print Name _CHARLES DORIA_               Date
Title _PRESIDENT_

_____     2-2-2019
    CHARLES DORIA                    Date

_____     2-2-2019
    JOSE LUIS GANZHI                    Date

6

# EXHIBIT B

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Segundo Luis Romero | 9/18/2012 | 12/31/2013 | 67 | 67.5 | 5 | $ 10.39 | $ 15.58 | $ 7.25 | $ 10.88 | $ 843.80 | $ 701.00 | $ 142.80 | $ 9,567.35 | $ 9,567.35 |
| | 1/1/2014 | 12/31/2014 | 52 | 67.5 | 5 | $ 10.39 | $ 15.58 | $ 8.00 | $ 12.00 | $ 843.80 | $ 701.00 | $ 142.80 | $ 7,425.41 | $ 7,425.41 |
| | 1/1/2015 | 12/31/2015 | 52 | 67.5 | 5 | $ 10.39 | $ 15.58 | $ 8.75 | $ 13.13 | $ 843.80 | $ 701.00 | $ 142.80 | $ 7,425.41 | $ 7,425.41 |
| | 1/1/2016 | 12/31/2016 | 52 | 67.5 | 5 | $ 10.39 | $ 15.58 | $ 9.00 | $ 13.50 | $ 843.80 | $ 701.00 | $ 142.80 | $ 7,425.41 | $ 7,425.41 |
| | 1/1/2017 | 12/31/2017 | 52 | 67.5 | 5 | $ 10.39 | $ 15.58 | $ 10.50 | $ 15.75 | $ 853.13 | $ 701.00 | $ 152.13 | $ 7,910.50 | $ 7,910.50 |
| | 1/1/2018 | 9/6/2018 | 35 | 67.5 | 5 | $ 10.39 | $ 15.58 | $ 12.00 | $ 18.00 | $ 975.00 | $ 701.00 | $ 274.00 | $ 9,590.00 | $ 9,590.00 |
| | 9/7/2018 | 9/13/2018 | 1 | 67.5 | 5 | $ - | $ - | $ 12.00 | $ 18.00 | $ 975.00 | $ - | $ 975.00 | $ 975.00 | $ 975.00 |
| | | | | | | | | | | | | | $ 50,319.07 | $ 50,319.07 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | TOTAL: | $ 50,319.07 | $ 50,319.07 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | | | | | | | |
| | | | | 2 | Plaintiffs reserve the right to correct or amend this chart. | | | | | | | | | |
| | | | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL. | | | | | | | | | |

1 of 2

Privileged Settlement Communication                                                                    Subject to Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|
| Segundo Luis Romero | 9/18/2012 | 12/31/2013 | $ 2,428.75 | $ 2,428.75 | $ 5,000.00 | $ 5,000.00 | $ 5,011.39 | $ 1,272.18 | $ 40,275.77 |
| | 1/1/2014 | 12/31/2014 | $ 2,080.00 | $ 2,080.00 | | | $ 3,125.03 | $ 875.38 | $ 23,011.22 |
| | 1/1/2015 | 12/31/2015 | $ 2,275.00 | $ 2,275.00 | | | $ 2,456.74 | $ 752.70 | $ 22,610.25 |
| | 1/1/2016 | 12/31/2016 | $ 2,340.00 | $ 2,340.00 | | | $ 1,787.54 | $ 563.31 | $ 21,881.66 |
| | 1/1/2017 | 12/31/2017 | $ 2,730.00 | $ 2,730.00 | | | $ 1,191.39 | $ 411.16 | $ 22,883.56 |
| | 1/1/2018 | 9/6/2018 | $ 2,100.00 | $ 2,100.00 | | | $ 718.39 | $ 157.31 | $ 24,255.70 |
| | 9/7/2018 | 9/13/2018 | $ 60.00 | $ 60.00 | | | $ 42.27 | $ 2.60 | $ 2,114.87 |
| | | | $ 14,013.75 | $ 14,013.75 | $ 5,000.00 | $ 5,000.00 | $ 14,332.74 | $ 4,034.65 | $ 157,033.03 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | $ 14,013.75 | $ 14,013.75 | $ 5,000.00 | $ 5,000.00 | $ 14,332.74 | $ 4,034.65 | $ 157,033.03 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | Filing Date | | 7/31/2018 | | | | |
| | | | FLSA | | 7/31/2015 | | | | |
| | | | NYLL | | 7/31/2012 | | | | |
| | | | Amendment | | 4/9/2011 | | | | |
| | | | Today | | 3/4/2019 | | | | |

2 of 2

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Segundo Romero                                                March 4, 2019

|  |  |
|---|---|
| File #: | DomDoria |
| **Attention:** Inv #: | 1143 |

**RE:**

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Sep-13-18 | interviewed client and got the facts for the complaint | 0.80 | 360.00 | MF |
| Sep-18-18 | reviewed and corrected complaint | 2.00 | 900.00 | MF |
| Sep-22-18 | reviewed language of complaint and classified it | 0.30 | 135.00 | MF |
| Oct-02-18 | telephone conference with def attorney | 0.20 | 70.00 | GN |
| Oct-25-18 | telephone conference with def attorney | 0.20 | 70.00 | GN |
| Nov-16-18 | telephone conference with def attorney and mediator | 0.50 | 175.00 | GN |
| Dec-05-18 | discussed case with GN | 0.20 | 90.00 | MF |
|  | legal research motor carrier exemption | 1.40 | 490.00 | GN |
|  | review complaint, strategy | 0.30 | 105.00 | GN |
|  | conference with MF re: strategy/settlement | 0.10 | 35.00 | GN |
|  | telephone conference with cl and sv | 0.10 | 35.00 | GN |
|  | research defendant | 0.30 | 105.00 | GN |

|  |  |  |  |  |
|---|---|---|---|---|
|  | continue research motor carrier | 2.00 | 500.00 | GN |
|  | continue legal research of motor carrier exemption | 0.30 | 105.00 | GN |
|  | drfat case law memo | 0.80 | 280.00 | GN |
| Dec-17-18 | discussed opposing counsel's latest offer with GN | 0.10 | 45.00 | MF |
|  | conference with def attorney's fees re: case law and sett | 0.40 | 140.00 | GN |
|  | email w/ mediator | 0.10 | 35.00 | GN |
|  | further research motor carrier | 0.90 | 315.00 | GN |
|  | review and revise damages calcualtions | 0.40 | 140.00 | GN |
|  | telephone conference with def attorney's fees re: case law and sett | 0.70 | 245.00 | GN |
|  | conference with MF re: strategy | 0.10 | 35.00 | GN |
|  | legal research dol opinion ltr and case law re: motor carrier | 1.00 | 350.00 | GN |
|  | Prepared damages chart | 0.50 | 50.00 | PL |
| Dec-18-18 | discussed case with GN | 0.10 | 45.00 | MF |
|  | telephone conference with def attorney and mediator | 0.50 | 125.00 | GN |
|  | telephone conference with mediator | 0.20 | 70.00 | GN |
|  | telephone conference with cl | 0.10 | 25.00 | GN |
|  | telephone conference with mediator again | 0.10 | 25.00 | GN |
|  | telephone conference with mediator and def attorney | 0.80 | 280.00 | GN |
|  | conference with MF re: strategy | 0.20 | 50.00 | GN |
|  | continue case law research re: motor carrier | 0.60 | 210.00 | GN |

| Dec-19-18 | telephone conference with cl re: sett, review damages, email mediator | 0.20 | 70.00 | GN |
|---|---|---|---|---|
|  | conference with mediator | 0.20 | 70.00 | GN |
|  | conference with mediator re: sett | 0.10 | 35.00 | GN |
|  | conference with MF re: sett discussions | 0.10 | 35.00 | GN |
|  | telephone conference with cl and SV re: sett | 0.10 | 35.00 | GN |
|  | conference with mediator again re: sett | 0.10 | 35.00 | GN |
|  | conference with mediator re: sett | 0.10 | 35.00 | GN |
|  | conference with cl, sv then mediator re: sett | 0.10 | 35.00 | GN |
| Dec-20-18 | discussed case with GN | 0.10 | 45.00 | MF |
|  | conference with MF re: sett | 0.10 | 35.00 | GN |
|  | call w/ mediator and def attorney | 0.20 | 70.00 | GN |
| Jan-29-19 | review sett agreement | 0.10 | 35.00 | GN |
| Jan-31-19 | review sett agreement | 0.20 | 70.00 | GN |
| Feb-05-19 | email w/ def attorney re: sett signature | 0.10 | 35.00 | GN |
|  | draft sett fairness motion | 0.90 | 315.00 | GN |
| Mar-04-19 | review fairness motion | 0.10 | 35.00 | GN |
|  | Totals | 19.10 | $6,630.00 |  |

**DISBURSEMENTS**

|  | Filing Fee |  | 400.00 |
|---|---|---|---|
| Sep-20-18 | Process Server Dominick Doria & Son Wholesale Produce Inc. |  | 65.00 |
|  | Process Server - service on Jose Luis Ganzhi |  | 50.00 |
| Oct-16-18 | Process Server - service on Charles Doria |  | 50.00 |

| | |
|---|---|
| Totals | $565.00 |
| **Total Fee & Disbursements** | **$7,195.00** |
| **Balance Now Due** | **$7,195.00** |